IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN J. CERVANTES,<br><br>              Plaintiff,<br><br>      vs.<br><br>DENNIS BYRNE,<br>MICHAEL YOUNG, and<br>KEARNEY POLICE DEPARTMENT,<br><br>              Defendants. | 8:22CV64<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1).

### I.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins*

*v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff complains he was denied a firearm purchase permit by the Kearney Police Department on two separate occasions, even though he "met the criteria and background checks at the local, state, and federal levels." Plaintiff alleges Captain Michael Young denied him a permit in September 2019 "due to the fact that [Plaintiff] had 200+ contacts with law enforcement," and Lieutenant Dennis Byrne denied him a permit in December 2021 for the same reason. Plaintiff sues the Department and the two officers in their official capacities only. (Filing 1 at 4)

Plaintiff claims: "My pursuit to happiness as well as my right to keep and bear arms have been grossly and willingly been [sic] violated." (Filing 1 at 3) "Both the Lt. and Captain made the decision to deny my firearm purchase permit … solely on biased and subjective criteria which is a clear violation of Nebraska state law and the state constitution." (Filing 1 at 4)

For relief, Plaintiff requests: "I would like to be awarded a sum of monetary damages and punitive [damages] for the harassment and mistreatment as well as the violation of my federally and state protected rights. I also feel that an injunction should be issued for Kearney Police Department involving the process of which permits are reviewed and issued." (Filing 1 at 5.)

## III. DISCUSSION

Liberally construing the allegations of Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Although the [United States] Constitution provides many important protections, a specific guarantee for the pursuit of happiness is not among those

granted by the Constitution or its amendments." *Coffey v. United States*, 939 F. Supp. 185, 191 (E.D.N.Y. 1996); *Dean v. Shulkin*, No. 4:17-CV 04137-KES, 2018 WL 11190700, at *3 (D.S.D. June 12, 2018). ("[T]here is no right to the pursuit of happiness found in the United States Constitution."). "While the Declaration of Independence states that all men are endowed certain unalienable rights including "Life, Liberty and the pursuit of Happiness," Declaration of Independence, ¶ 1, it does not grant rights that may be pursued through the judicial system." *Coffey*, 939 F. Supp. at 191. The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. By contrast, the Nebraska Constitution provides:

> All persons are by nature free and independent, and have certain inherent and inalienable rights; among these are life, liberty, the pursuit of happiness, and the right to keep and bear arms for security or defense of self, family, home, and others, and for lawful common defense, hunting, recreational use, and all other lawful purposes, and such rights shall not be denied or infringed by the state or any subdivision thereof. To secure these rights, and the protection of property, governments are instituted among people, deriving their just powers from the consent of the governed.

Neb. Const. Art. I, § 1 (as amended 1988, Initiative Measure No. 403).

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. In this case, Plaintiff must rely on "federal question" jurisdiction because there is no diversity of citizenship.

The court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The court does not need to consider at this time whether Plaintiff's Complaint states a plausible claim under

Nebraska law because, as will be explained below, it fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. In other words, the Complaint's allegations do not show that the court has original jurisdiction.

The Kearney Police Department is not a suable entity. *See Frazier v. City of Omaha Police Dep't*, No. 8:18CV539, 2019 WL 582122, at *2 (D. Neb. Feb. 13, 2019) (dismissing claims against Omaha Police and Fire Departments); *see also Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such.... [t]hey are simply departments or subdivisions of the City government").

Captain Young and Lieutenant Byrne are sued only in their official capacities. (Filing 1 at 2-3) "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *McKay v. City of St. Louis*, 960 F.3d 1094, 1102 (8th Cir. 2020) (quoting *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010)). Thus, a suit against these police officers in their official capacities is, in effect, a suit against the City of Kearney rather than a suit against them personally.

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against the City of Kearney, Plaintiff must show that a constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Alternatively, a plaintiff may establish municipal liability through an unofficial custom by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to

the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation." *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Plaintiff has not alleged any facts to show that the claimed violation of his constitutional rights was caused by a municipal policy or custom, or by the city's failure to train or supervise police officers regarding the issuance of firearm permits.

## IV. CONCLUSION

Plaintiff's Complaint is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2), but the court will give Plaintiff 30 days to file an amended complaint which states a claim upon which relief may be granted.

IT IS THEREFORE ORDERED:

1. All claims against Defendant Kearney Police Department are dismissed without prejudice, and it shall no longer be a party to this action.

2. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. In the event Plaintiff files an amended complaint, failure to consolidate all claims into <u>one document</u> may result in abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **March 28, 2022**—amended complaint due.

6. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 24th day of February, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge