IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN J. CERVANTES,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DENNIS BYRNE and<br>MICHAEL YOUNG,<br><br>　　　　　　Defendants. | 8:22CV64<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　In a Memorandum and Order entered on February 24, 2022 (Filing 6), the court determined Plaintiff's Complaint (Filing 1) is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2), but on its own motion gave Plaintiff leave to amend. Plaintiff's Amended Complaint (Filing 7) was timely filed on March 3, 2022, and will now be reviewed by the court.

### I.　APPLICABLE STANDARDS ON INITIAL REVIEW

　　The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

　　Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

　　"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff complains he was wrongfully denied a firearm purchase permit by the Kearney Police Department in September 2019 and December 2021, although he successfully appealed the second denial. Plaintiff brings official-capacity claims against the two police officers who denied his applications and he seeks damages.

## III. DISCUSSION

As the court explained in its previous Memorandum and Order, "[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *McKay v. City of St. Louis*, 960 F.3d 1094, 1102 (8th Cir. 2020) (quoting *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010)). Thus, a suit against the defendant police officers in their official capacities is, in effect, a suit against the City of Kearney rather than a suit against them personally. As the court further explained, in order to prevail on a claim brought under 42 U.S.C. § 1983 against the City of Kearney, Plaintiff must show that a constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

The Amended Complaint again fails to show that Plaintiff's constitutional rights were violated because of a municipal policy or custom, or a failure to train and supervise police officers regarding the issuance of firearm purchase permits.

Plaintiff now alleges that the officers violated 28 U.S.C. §§ 241 & 242, but these are criminal statutes which do not confer a private right of action. *Carter v. Muldoon*, No. 8:17CV319, 2018 WL 2049841, at *4 (D. Neb. May 1, 2018).

Plaintiff also cites Nebraska statutes, but, because diversity of citizenship is lacking, the court cannot exercise original jurisdiction over any state-law claims

under 28 U.S.C. § 1332. And, because Plaintiff has failed to allege a viable § 1983 claim, the court will not exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367 (c)(3) (providing that when a district court has disposed of all federal claims that conferred original jurisdiction under 28 U.S.C. § 1331, it may decline to exercise supplemental jurisdiction over remaining state-law claims).

## IV. CONCLUSION

Plaintiff has failed to correct the pleading deficiencies that were noted in the court's previous Memorandum and Order. Plaintiff's Amended Complaint therefore will be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2), and the court will not grant additional leave to amend.

IT IS ORDERED:

1. This action is dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 11th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3